# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | § | |
|---|---|---|
| **DONIS LEMOND DENBY,** | § | |
| Petitioner, | § | |
| v. | § | Case No. 6:19-CV-482-JDK-JDL |
| **DIRECTOR, TDCJ-CID,** | § | |
| Respondent. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Donis Lemond Denby, an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On October 23, 2019, Judge Love issued a Report and Recommendation (Docket No. 5), recommending that the petition be dismissed for lack of subject matter jurisdiction as an unauthorized successive petition under 28 U.S.C. § 2244(b). *Id.* at 2. Judge Love further recommended that a certificate of appealability be denied *sua sponte*. *Id.* at 3. Denby filed objections. Docket No. 7.

In the Report and Recommendation, Judge Love stated that the present petition concerns a prison disciplinary case for sexually assaulting another offender. Docket No. 5 at 1. As punishment, Denby received fourteen days of solitary confinement, commissary restriction for forty-five days, cell restriction for forty-five days; was reduced in line class; was demoted in custody status; and was assessed a loss of 350 days of good time. *Id.* at 1–2.

Judge Love found that Denby previously filed a petition for a writ of habeas corpus in this Court challenging the same disciplinary action, which was dismissed with prejudice on the merits. *Id.* at 2; *see Denby v. Director, TDCJ-CID*, No. 6:14cv226 (E.D. Tex. Nov. 10, 2014). And Denby's present petition raises a substantially similar claim–whether his placement in administrative segregation violates his constitutional rights. *Id.* at 2. Because the Court addressed the same issue on the merits in 2014, Judge Love recommended that Denby's petition be dismissed as an unauthorized successive petition. *Id.*

In his objections, Denby first claims that he is not challenging his disciplinary action, but instead challenging the "arbitrary and illegal placement in [administrative segregation] for the conviction in cause #13-7234." Docket No. 7 at 1.[1] He argues that his petition is not successive because he is "challenging a different conviction and illegal confinement resulting from that conviction." *Id.* at 3. He also claims that he did not know about the grounds for this petition until this year "due to government interference" and because prison officials have "repeatedly changed and modified the reason for [his administrative segregation]." Docket No. 1, Ex. 2 at 2; Docket No. 7 at 3. Denby therefore concludes that the Magistrate Judge wrongly found his petition to be successive.

Denby's objections are overruled because he is challenging the same disciplinary action that he challenged in his previous petition. A petition "is successive when it . . . raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition." *Crone v. Cockrell*, 324 F.3d 833, 836–37 (5th Cir. 2003). Denby's 2014 petition challenged the constitutionality of his placement in administrative segregation as a result of his

---

[1] Before Denby's disciplinary conviction for sexual assault, he was charged in criminal cause number 13-7234 for sexual assault in June 2013. *See* Docket No. 1, Ex. 2 at 3.

disciplinary action. *See Denby v. Director, TDCJ-CID*, No. 6:14cv226 (E.D. Tex. Nov. 10, 2014). His current petition states that he is challenging a December 2013 prison disciplinary action and that as a result of that disciplinary action, he was placed in administrative segregation and a sexual predator designation was placed on his file. Docket No. 1 at 2, 5. His petition also states that it "is uncontested that [Denby]'s initial placement in [administrative segregation] was because of the disciplinary case." *Id.* at 4. Based on the plain language of his habeas petition, Denby is challenging his placement in administrative segregation as a result of his disciplinary action. This claim was raised and addressed in Denby's 2014 petition, and his current petition is successive.

Further, even if the Court analyzed Denby's due process claims, they would still fail. Generally, due process protections attach only to those punishments that impose an atypical and significant hardship in relation to ordinary incidents of prison life, or to those that extend the length or duration of confinement. *Sandin v. Conner,* 515 U.S. 472, 484–86 (1995). Thus, "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)). A prisoner may maintain a due process challenge due to placement in administrative segregation only when he demonstrates "extraordinary circumstances." *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008).

Denby has asserted no facts demonstrating extraordinary circumstances. Cases in which segregated confinement implicated a due process liberty interest involved much harsher circumstances than those presented here. *See Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003) (prisoners' due process rights *might* have been violated when they were kept on lockdown status for thirty years); *Wilkinson v. Austin*, 545 U.S. 209, 214 (2005) (confinement in facility where almost all human contact is prohibited, inmates are kept in single cells behind solid metal

doors for twenty-three hours per day and in which the light remains on at all times, "[o]pportunities for visitation are rare," and "[i]nmates otherwise eligible for parole lose their eligibility" created a liberty interest in being free from such confinement). Additionally, Denby's placement in administrative segregation does not violate his liberty interests even if, as Denby argues, Denby's placement violated the prison's rules and regulations. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Denby's objection therefore fails.

In his next objection, Denby requests that the Court refrain from dismissing his current petition and instead grant him a stay. Docket No. 7 at 3. He requests a stay so that he can "file a motion pursuant to § 2244 in order for the Fifth Circuit to determine if [his] writ is indeed successive." *Id.* Denby, however, may proceed with a request to file a successive petition in the Fifth Circuit without a stay entered by this Court. Denby's request is therefore denied.

Denby's final objection is to the recommendation to deny a certificate of appealability. *Id.* at 3–4. Denby asserts that he can make a showing of a denial of a constitutional right under 28 U.S.C. § 2253(c)(2) and that his placement in administrative segregation has deprived him of his constitutional rights under the Fifth and Fourteenth Amendments. *Id.* As discussed above, Denby does not have a due process right in his custodial housing or placement in administrative segregation. This objection therefore fails.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Denby to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Denby's objections are without merit. The Court therefore adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the Magistrate Judge's Report (Docket No. 5) is **ADOPTED**. It is further

**ORDERED** that Denby's petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE** as to its refiling without obtaining permission from the Fifth Circuit, but without prejudice as to its refiling once such permission has been obtained. It is further

**ORDERED** that a certificate of appealability is **DENIED**, with such denial referring solely to an appeal of this case and having no effect upon Denby's right to seek permission from the Fifth Circuit to file a successive petition. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **2nd** day of **December, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE